**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Dongguan Stark Automotive Technology Co., Ltd. and Feng Li, individually<br><br>*Plaintiffs*,<br><br>v.<br><br>Fire Dragon Inc. and Yuankun Li, individually<br><br>*Defendants*. | CASE NO.<br><br>**Jury Demand** |

**COMPLAINT**

NOW COME the Plaintiffs Dongguan Stark Automotive Technology Co. ("Stark") and Feng Li ("Plaintiff Li," collectively with "Stark", referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants Fire Dragon Inc. ("Fire Dragon") and Yuankun Li ("Defendant Li", collectively with "Fire Dragon", referred to as "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. This action concerns Defendants' cybersquatting and unfair competition under the Lanham Act and trademark infringement and unfair competition under Illinois statutory and common law. This is also a civil action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), § 1338(a) and (b) (action arising under an Act of Congress relating to trademarks), and §2201 and

1

§2202 (Declaratory Judgment Act). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state status and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities towards consumers in the United States, including Illinois, through at least the fully interactive e-commerce store, www.furyengraver.com (the "Infringing Website"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating Infringing Website that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold products to residents of Illinois. Defendants are engaging in interstate commerce and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391.

## THE PARTIES

5. Plaintiff Stark is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Shatou West Road, Chang'an Town, Dongguan City, China.

6. Plaintiff Li is an individual residing in China and the founder of Stark.

7. Upon information and belief, at all times relevant, Defendant Fire Dragon is a corporation duly organized and existing under the laws of New York, with a principal place of business at 90 State St, Ste 700 #40, Albany, NY 12207.

8. Upon Information and belief, at all times relevant, Defendant Li is an individual residing in China.

## PLAINTIFFS' BUSINESS AND TRADEMARK RIGHTS

2

9. Deeply influenced by American automotive culture, Plaintiff Li assembled his team in the year of 2018 and first launched his "Fury" brand with the commitment to designing original Jeep Wrangler vehicle modification products.

10. Starting from 2018, Plaintiffs released dozens of automotive parts under the "Fury" brand, gradually gaining recognition in the market.

11. In June 2019, Plaintiffs established the brand "FuryEngraver".

12. On or about December 12, 2019, Stark was established by Plaintiff Li. It boasts five major brands, namely "Fury", "FuryEngraver", "Eois", "NORLUND" and "PLUMB", each aimed at distinct mid-to-high-end rugged off-road vehicle models. With a repertoire of over 200 original designs and meticulously crafted products, Stark has garnered acclaim for its ingenuity and remains committed to pioneering original designs for automotive modification products.

13. At least as early as June 2020, Plaintiffs adopted and used the trademark "FuryEngraver" and "FURYGRAVITY" (collectively, "Plaintiffs' Marks") and sold various goods under Plaintiffs' Marks, including but not limited to automotive aftermarket parts, automotive body kits, extensions, and other accessories and parts in the interstate commerce.

14. Plaintiffs have been continuously using the Plaintiffs' Marks and selling, advertising and promoting the goods and services bearing the Plaintiffs' Marks in United States and nationwide via various advertising channels, including but not limited to Stark's website, e-commerce platform, and Stark's distributors.

15. On or about August 14, 2020, Plaintiff Li successfully registered the trademark "FuryEngraver" with the State Intellectual Property Office in China. A copy of the Trademark Registration Certificate is attached thereto as **Exhibit A**.

3

16. On or about September 28, 2020, Plaintiff Li granted Stark the authority to use "FuryEngraver" as a trademark.

17. Plaintiff Li currently also owns the U.S. trademark application "FURYGRAVITY", U.S. Trademark application Serial Number 97501021(referred hereafter as the " '021 Mark") for antenna toppers, namely, attachments to the tips of automobile antennas; automotive aftermarket parts, namely, truck bed extender and storage box; automotive body kits comprising external structural parts of automobiles; automotive hood ornaments; extensions for interior roof handles in vehicles; Structural parts for automobiles; vehicle side view mirror covers. *See* **Exhibit B**.

18. On or about November 21, 2022, Plaintiff Li successfully registered the trademark "FuryGravity" with the State Intellectual Property Office in China. Subsequently, Plaintiff Li also registered or filed the applications to register "FURYGRAVITY" as trademarks in Japan, Korea, Canada and European Union. *See* **Exhibit C**.

19. On or about November 28, 2022, Plaintiff Li granted Stark the authority to use "FURYGRAVITY" as a trademark.

20. On or about July 5, 2023, Fire Dragon filed a Notice of Opposition to oppose Plaintiff Li's registration of the '021 Mark based on the grounds of likelihood of confusion, fraudulence and non-use. *See* **Exhibit D**.

**DEFENDANTS' BUSINESS AND INFRINGING ACTIVITIES**

21. As alleged in its Notice of Opposition, Fire Dragon is a company designs, manufactures and sells aftermarket parts, body kits, extensions, and other accessories and parts for Jeeps, including protect covers, foot pedals, light covers, flagpole brackets, rain shields, gear stick heads and door handles. Particularly, it is doing business online, namely, via the Infringing Website, for sales thereof. *Id*.

4

22. On information and belief, Fire Dragon sells and offers for sales its parts and accessory products for Jeeps under the mark Fury, Gravity, and FuryEngraver. *Id*.

23. Defendant Li is an individual who is an owner and principal officer of Guangzhou Maike Auto Accessories Co., Ltd. ("Guangzhou Maike").

24. Starting from April 2019, Guangzhou Maike started to purchase various automotive parts from Stark and eventually became Stark's only overseas distributor. At all material times, Guangzhou Maike and Defendant Li are fully aware of Plaintiffs' trademark rights and acknowledge that Plaintiffs are the rightful owner of Plaintiffs' Marks.

25. Unbeknownst to Plaintiffs, Defendant Li filed a trademark application to the United States Patent and Trademark Office (the "USPTO") on or about December 6, 2020 and registered "FuryEngraver" as his trademark for Ashtrays for automobiles; Auto accessories, namely, side mirror protective and vanity covers; Automobile bumpers; Automobile door handles; Automobile gear sticks; Automobile hoods; Automobile windshield sunshades; Automotive interior trim; Metal parts for vehicles, namely, automotive exterior and interior metal decorative and protective trim; Vehicle running boards. The trademark application was registered by the USPTO on or about September 14, 2021 with U.S. Trademark Registration Number 6,485,031 (referred hereafter as the " '031 Mark").

26. In Defendant Li's trademark application to the USPTO, Defendant Li falsely alleged that the "FuryEngraver" mark was first used by Defendant Li or Defendant Li's related company or licensee predecessor in interest at least as early as June 1, 2020 and first used in commerce at least as early as June 15, 2020. *See* **Exhibit E**.

27. After learning Defendant Li's registration of the '031 Mark, Plaintiffs clearly told Defendant Li that he was not authorized to register or use the trademark "FuryEngraver" in any form as it is originated from Plaintiff Li.

28. Despite the efforts of Plaintiffs to notify and warn Defendant Li to discontinue using the '031 Mark or any marks that have likelihood of confusion with Plaintiffs' Mark, Defendants actively continues to use one or more infringing marks with full knowledge of Plaintiffs' Marks and their registered and common law rights.

29. In particular, Defendants are actively engaging in selling infringing products and operating the Infringing Website knowingly and intentionally for the purpose of trading on the goodwill and reputation of Plaintiffs.

30. Moreover, Defendants falsely alleged that they are the rightful owners of the Plaintiffs' Marks and Plaintiffs' Marks caused and/or will cause likelihood of confusion against Defendants' marks. For instance, Fire Dragon initiated the opposition proceeding at the Trademark Trial and Appeal Board to oppose Plaintiff Li from registering of the '021 Mark based on the grounds of likelihood of confusion and fraud.

31. Plaintiffs have been damaged by Defendants' infringing activities.

32. On information and belief, Defendants have made and will continue to make profits and/or gains to which Defendants are not entitled in law or in equity.

33. On information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

34. On information and belief, Defendants have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT I

**Declaratory Judgment Seeking Non-Infringement of Trademark**

35. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

36. As an actual justiciable controversy exists by way of the credible threat of a lawsuit and potential infringement against Plaintiffs in light of the Defendants' marks, Plaintiff seeks relief from this Court.

37. Plaintiffs are entitled to a declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing Defendants' trademarks.

38. Plaintiff Li is entitled to a declaratory judgment that his registration of '021 Mark does not and will not cause any likelihood of confusion with any of Defendants' trademarks.

## COUNT II

**Federal Unfair Competition, Title 15 U.S.C. § 1125 (a)**

39. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

40. On information and belief, Defendants' unauthorized use of variations of Plaintiffs' Marks having likelihood of confusion, including but not limited to Defendants' use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

 a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' Marks and as well as with Plaintiffs;

 b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of Plaintiff's Marks having likelihood of confusion.

41. The aforementioned acts constitute Federal Unfair Competition in violation of Title 15 U.S.C. § 1125 (a).

## COUNT III

### Cybersquatting, Title 15 U.S.C. § 1125 (d)(1)

42. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

43. Plaintiffs have the right to register and use Plaintiffs' Marks as part of an Internet domain name.

44. Plaintiffs' Marks were distinctive and had become associated with Plaintiffs' products before Defendants registered the Internet domain names for the Infringing Website.

45. The Internet domain name for the Infringing Website is confusingly similar to Plaintiffs' Marks.

46. Defendants' unauthorized registration and use of Infringing Website constitutes cybersquatting in violation of Title 15 U.S.C. § 1125 (d)(1).

## COUNT IV

### Unfair Competition in Violation of the Uniform Deceptive Trade Practices, ACT-815 ILCS 510/1 ET SEQ

47. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

48. On information and belief, Defendants' unauthorized use of variations of Plaintiffs' Marks having likelihood of confusion, including but not limited to Defendants' use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

   a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' Marks and as well as with Plaintiffs;

   b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

   c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of Plaintiff's Marks having likelihood of confusion.

49. The aforementioned acts constitute Unfair Competition in violation of The Uniform Deceptive Trade Practices, ACT-815 ILCS 510/1 et seq.

## COUNT V

**Unfair Competition in Violation of the Consumer Fraud and Deceptive Business Practices, ACT-815 ILCS 505/1 ET SEQ**

50. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

51. On information and belief, Defendants' unauthorized use of variations of Plaintiffs' Marks having likelihood of confusion, including but not limited to Defendants' use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

9

a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' Marks and as well as with Plaintiffs;

b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of Plaintiff's Marks having likelihood of confusion.

52. The aforementioned acts constitute Unfair Competition in violation of The Consumer Fraud and Deceptive Business Practices, ACT-815 ILCS 505/1 et seq.

## COUNT VI

### Common Law Trademark Infringement

53. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

54. Plaintiffs own all rights, title, and interest in and to the Plaintiffs Marks, including but not limited to all common law rights in such marks due to their first use in the interstate commerce.

55. On information and belief, Defendants' unauthorized use of variations of Plaintiffs' Marks having likelihood of confusion, including but not limited to Defendants' use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' Marks and as well as with Plaintiffs;

b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of Plaintiff's Marks having likelihood of confusion.

56. The aforementioned Defendants' acts constitute trademark infringement in violation of the common law of the State of Illinois.

## COUNT VII

### Common Law Unfair Competition

57. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

58. Plaintiffs own all rights, title, and interest in and to the Plaintiffs Marks, including but not limited to all common law rights in such marks due to their first use in the interstate commerce.

59. On information and belief, Defendants' unauthorized use of variations of Plaintiffs' Marks having likelihood of confusion, including but not limited to Defendants' use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' Marks and as well as with Plaintiffs;

    b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of Plaintiff's Marks having likelihood of confusion.

60. The aforementioned Defendants' acts constitute unfair competition in violation of the common law of the State of Illinois.

## COUNT VIII

### Correction of Named Rightful Owner of the '031 Mark

61. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

62. Plaintiff Li is the actual owner of the '031 Mark.

63. Plaintiff Li seeks a certificate of correction to name Plaintiff Li as the owner of the '031 Mark, and removing Defendant Li as owner of the '031 Mark.

## COUNT IX

### Unjust Enrichment

64. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

65. Defendants are actively engaging in the above-infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Plaintiffs.

66. The aforementioned Defendants' acts constitute unjust enrichment of Defendants at the Plaintiffs' expense in violation of the common law of the State of Illinois.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants jointly and severally as follows:

1. Finding that: (i) Defendants have willfully and wantonly violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d));

(ii) Defendants have willfully and wantonly diluted one or more Plaintiffs Marks in violation of Illinois common law, the Illinois Unfair Competition in violation of The Uniform Deceptive Trade Practices, ACT-815 ILCS 510/1 et seq, and/or the Illinois Unfair Competition in violation of Consumer Fraud and Deceptive Business Practices, ACT-815 ILCS 505/1 et seq; (iii) Defendants have willfully and wantonly engaged in trademark infringement and unfair competition under the common law of Illinois; (iv) Defendant have been unjustly enriched in violation of Illinois common law; (v) Defendants are jointly liable for all damages;

2. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. §1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with Defendants from engaging in any activity constituting infringement and/or unfair competition against Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any marks that may cause likelihood of confusion against Plaintiffs Marks;

3. Adjudging and decreeing that Plaintiffs are the owners of Plaintiffs' Marks for use and in connection with automotive parts and that Plaintiff Feng Li has the right to register "FURYGRAVITY" mark in the USPTO for use or in connection with automotive parts under international class 12;

4. Ordering the transfer to Plaintiffs of the infringing domain name associated with Infringing Website, along with any and all other domain names registered by Defendants or otherwise under Defendants' control, that are comprised, in whole or in part, of the Plaintiffs' Marks, or alternatively, enjoin Defendants, as well as Defendant's subsidiaries, partners, officers,

agents, servants, employees, attorneys, and all those acting in concert with them, from registering, owning or using the infringing Internet domain names;

    5.    Declaring the U.S. Trademark Reg. No. 6,485,031 invalid and unenforceable because Defendant Li is not the rightful owner and failed in his duty of candor to the USPTO or, alternatively, correcting and restoring the ownership of the U.S. Trademark Reg. No. 6,485,031 to Plaintiff Feng Li;

    6.    For actual damages in such amount as may be found, or otherwise permitted by law;

    7.    Declaring Plaintiffs as the prevailing party, and this case as exceptional, and awarding to Plaintiffs their reasonable attorneys' fees;

    8.    Awarding to Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

    9.    Awarding to Plaintiffs exemplary, punitive, statutory, and enhanced damages;

    10.    Awarding pre- and post- judgment interest.

    11.    Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: August 16, 2023             /s/ Tianyu Ju
                                                      Tianyu Ju, Esq.
                                                      GLACIER LAW LLP
                                                      251 S Lake Ave, Suite 910
                                                      Pasadena, CA 91101
                                                      iris.ju@glacier.law
                                                      (312)499-2666

                                                      Na Zhang, Esq.

GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
queena.zhang@glacier.law

Ruoting Men, Esq.
GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
ruoting.men@glacier.law
***Attorneys for Plaintiffs***